## PEOPLE vs. CORSE.

### Fourth Judicial District Court, October, 1857.

#### MOTION TO QUASH AN INDICTMENT.

Where a defendant is not held to answer before the finding of the indictment, he may move to set it aside. on any ground which would have been good cause for challenge, either to the panel, or to any individual grand juror.

Where the number of names required by the act regulating criminal proceedings, from which the grand jury is to be drawn, are not placed in the box, it would afford a good ground for challenge to the panel, and would therefore be sufficient to quash an indictment.

The panel list required to be signed by the county judge, sheriff, and county clerk, does not comply sufficiently with the statute when signed by the judge alone.

The facts upon which this motion is founded, are **sufficiently stated** in the opinion.

W. K. *Osborne*, District Attorney..

*James*, for prisoner.

HAGER, J.—Motion is made to set aside this indictment, on the ground of informality in the drawing of the grand jury. It not appearing that the defendant was held to answer before the finding of the indictment, he may move to set it aside on any ground which would have been good cause for challenge, either to the panel or to any individual grand juror. C. Laws, p. 458, § 279.

By the minutes and records of the court of sessions, it appears that but forty-eight names were copied from the assessment roll from which the grand jury that presented this indictment were drawn, and the list of the names placed in the box, and those drawn, is signed only by the county judge, when our statute (C. Laws, p. 353, § 5) requires that fifty names shall be placed in the box, from which the county clerk, in the presence of the county judge and sheriff, shall draw the names of twenty-four persons, to serve as grand jurors, and that a correct list of the names placed in the box, and those drawn, shall be kept, and certified by the judge, clerk, and sheriff, and filed in the clerk's office.

In drawing the grand jury the essential requirements of the act have not been complied with; fifty names should have been placed in the box, and the list and certificates should have been signed by the three officers, judge, clerk, and sheriff, and the signing of the one is insufficient. It is to be regretted that the officers appointed to perform the important duty of drawing and forming a grand jury, did not exercise more care and diligence in following the plain letter of the law. It is due to the county judge to say, that the certificates were properly signed by him, and that he has given information to this court that the imperfection in the list of names was an error in the person who made the copy. For the negligence of the other two no excuse appears.

The objection of the defendant, in my opinion, is well taken, and it would have been a good cause of challenge to the panel in the court of sessions, under § 182, of the criminal code. The indictment must be set aside. The defendant, however, is not discharged—the case must be re-submitted to the grand jury—and if defendant has been admitted to bail, or deposited money instead, the bail or money must be answerable for his appearance to answer a new indictment.